UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CASSIUS BEECHAM,

    Plaintiff,

  v.

HOMEQ, FIDELITY NATIONAL TITLE COMPANY, DEUTSCHE BANK NATIONAL TRUST, and DOES 2-50, inclusive,

    Defendants.

        NO. CIV. 09-1375 WBS JFM

        <u>ORDER RE: MOTION TO DISMISS</u>

----oo0oo----

On March 11, 2009, plaintiff Cassius Beecham brought this action in state court against defendants Homeq, Fidelity National Title Company, and Deutsche Bank National Trust alleging violations of the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f; the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617; the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788.1-1788.33; and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, as well as claims for breach of contract, breach of the implied covenant of good faith

1

1  and fair dealing, wrongful foreclosure, breach of fiduciary duty,
2  and fraud.  Defendants subsequently removed the action to this
3  court on May 14, 2009.
4       On May 21, 2009, defendants moved to dismiss the
5  Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)
6  for failure to state a claim upon which relief can be granted.
7  (Docket No. 6.)  Before defendants' motion could be heard,
8  however, plaintiff filed a First Amended Complaint ("FAC") on
9  June 19, 2009.  (Id. No. 9.)  No opposition or reply have been
10 filed with respect to defendants' motion to dismiss.
11      Pursuant to Federal Rule of Civil Procedure 15, "[a]
12 party may amend its pleading once as a matter of course . . .
13 before being served with a responsive pleading."  Fed. R. Civ. P.
14 15(a)(1)(A).  A motion to dismiss, moreover, "is not a
15 'responsive pleading' within the meaning of Rule 15."  Crum v.
16 Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000)
17 (citing Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning
18 Agency, 216 F.3d 764, 788 (9th Cir. 2000)).  Consequently, "where
19 a motion to dismiss is filed instead of an answer, Rule 15(a)
20 allows a plaintiff to amend the original complaint once as a
21 matter of course without the need of obtaining leave of court."
22 Setencich v. Am. Red Cross, No. 07-3688, 2007 WL 4259590, at *2
23 (N.D. Cal. Dec. 4, 2007) (citing Fed. R. Civ. P. 15(a); Crum, 231
24 F.3d at 1130 n.3; Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530
25 (9th Cir. 1995)).
26      Generally, an amended complaint "supersedes the
27 original, the latter being treated thereafter as non-existent."
28 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997)

1  (quoting <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967)); <u>see</u>
2  <u>Hernandez v. Downey Sav. & Loan Ass'n, F.A.</u>, No. 08-2336, 2009 WL
3  532545, at *1 (S.D. Cal. Mar. 3, 2009) ("Because plaintiff has
4  filed an amended complaint before being served with a responsive
5  pleading, the first amended complaint is now the operative
6  complaint.").  Thus, upon the filing of an amended complaint, a
7  court "will usually treat the motion to dismiss as mooted."
8  Judge William W. Schwarzer et al., <u>Practice Guide: Federal Civil</u>
9  <u>Procedure Before Trial</u> § 13:11 (Nat'l ed. 2009); <u>see</u> <u>Setencich</u>,
10 2007 WL 4259590, at *2 ("[B]ecause the [defendant's] motion to
11 dismiss challenges the plaintiff's original and now
12 'non-existent' complaint, the defendant's motion is moot.").
13         Here, plaintiff's FAC is now the operative complaint in
14 this case, and defendants' motion to dismiss the original
15 Complaint is moot.  Accordingly, the court will deny defendants'
16 motion to dismiss.
17         IT IS THEREFORE ORDERED that defendants' motion to
18 dismiss be, and the same hereby is, DENIED as MOOT.  The hearing
19 currently set for July 6, 2009, is VACATED.
20 DATED:  July 1, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE