UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CASSIUS BEECHAM,

        Plaintiff,

   v.

HOMEQ, FIDELITY NATIONAL TITLE COMPANY, DEUTSCHE BANK NATIONAL TRUST, and DOES 2-50, inclusive,

        Defendants.
_____/

NO. CIV. 09-1375 WBS JFM

ORDER TO SHOW CAUSE

----oo0oo----

        On March 11, 2009, plaintiff Cassius Beecham brought this action in state court against defendants Homeq, Fidelity National Title Company, and Deutsche Bank National Trust alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617; the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788.1-1788.33; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as well as claims for breach of contract, breach of the implied covenant of good faith and fair

1

dealing, wrongful foreclosure, breach of fiduciary duty, and fraud.

On May 14, 2009, defendants Homeq and Deutsche Bank National Trust[1] removed the action to this court, invoking the court's federal question jurisdiction, 28 U.S.C. § 1331, based upon plaintiff's claims asserted under TILA and RESPA.[2] (Notice of Removal (Docket No. 1) ¶ 9.)  Defendants then moved to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Docket No. 6.)  Before defendants' motion could be heard, however, plaintiff filed an Amended Complaint on June 19, 2009.  (Id. No. 9); see CRST Van Expedited, Inc. v. Werner Enters., Inc., 479 F.3d 1099, 1104 n.3 (9th Cir. 2007) ("A party may amend a pleading once as a matter of course before a responsive pleading is served.  A Rule 12(b)(6) motion to dismiss is not such a responsive pleading as to cut off a plaintiff's right to amend once, without leave of court." (citations omitted)).

Unlike plaintiff's initial Complaint, the Amended Complaint does not assert claims under TILA and RESPA.  Rather, the Amended Complaint asserts only state law claims for breach of

---

[1] Defendant Fidelity National Title Company has not yet appeared in this action.

[2] The Notice of Removal stated that plaintiff's Complaint also asserted a claim based on violations of the Racketeer Influenced and Corruption Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.  However, based on the copy of the Complaint filed with the Notice of Removal--which evidently omitted the last pages of the Complaint (see Notice of Removal Ex. A at 15)--it does not appear that the Complaint contained allegations of a RICO violation.

2

1 | contract, breach of the covenant of good faith and fair dealing,
2 | breach of statutory duties, conversion, wrongful foreclosure, and
3 | violations of the UCL and the Rosenthal Act.
4 |        IT IS THEREFORE ORDERED that within ten days of the
5 | date of this Order, the parties shall file briefs to show cause
6 | why this action should not be remanded to state court in light of
7 | plaintiff's dismissal of his claims under TILA and RESPA.
8 |        IT IS FURTHER ORDERED that the hearing on defendants'
9 | motion to dismiss is hereby continued to September 28, 2009, at
10 | 2:00 p.m. in Courtroom 5.
11 | DATED:  August 26, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE