UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CASSIUS BEECHAM,

      Plaintiff,

  v.

HOMEQ, FIDELITY NATIONAL TITLE COMPANY, DEUTSCHE BANK NATIONAL TRUST, and DOES 1-50, inclusive,

      Defendants.
_____/

NO. CIV. 2:09-1375 WBS JFM

ORDER RE: SANCTIONS

----oo0oo----

On September 8, 2009, the court scheduled a hearing on its Order to Show Cause why plaintiff's case should not be remanded to state court and set defendants' motion to dismiss for hearing on September 28, 2009.  (Docket No. 17.)  Plaintiff submitted an opposition to defendants' motion to dismiss on August 13, 2009, and a statement of non-opposition to the court's Order to Show Cause on August 28, 2009.  (Docket Nos. 13, 15.)  Plaintiff's counsel Jonathan Stein failed to appear at the hearing on defendants' motion to dismiss and the Order to Show

1

1 Cause.  When contacted by the Clerk of the court on the hearing
2 date, Mr. Stein explained that the hearing coincided with Yom
3 Kippur and he did not have the date of the hearing written on his
4 calendar.
5     The court subsequently issued an Order re: Motion to
6 Dismiss and Order to Show Cause on October 2, 2009, requiring
7 counsel within fourteen days to either pay sanctions for his
8 failure to appear at the hearing or submit a statement of good
9 cause explaining his failure to appear.  (Docket No. 20.)  On
10 October 2, 2009, Mr. Stein submitted a written statement,
11 reiterating that the hearing was set for Yom Kippur and that he
12 did not notice the conflict prior to the hearing.  (Docket No.
13 21.)  He also argues that he believed he was not required to
14 appear before the court, because he did not oppose the court's
15 Order to Show Cause why this case should not be remanded to state
16 court.  (Id.)
17     Federal Rule of Civil Procedure 16(f)(1)(C) provides
18 that "the court may issue any just orders, including those
19 authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its
20 attorney . . . fails to obey a scheduling or other pretrial
21 order."  Pursuant to Federal Rule 16(f)(2), if a party disobeys a
22 pretrial order "the court must order the party, its attorney, or
23 both to pay the reasonable expenses-including attorney's
24 fees-incurred because of any noncompliance with this rule, unless
25 the noncompliance was substantially justified or other
26 circumstances make an award unjust."  Additionally, under Local
27 Rule 78-230(j) "[a]bsent notice of intent to submit the matter on
28 the briefs, failure to appear [at a scheduling hearing] . . . may

2

result in the imposition of sanctions."

The excuses proffered by Mr. Stein are clearly frivolous. He was on notice of the hearing for weeks and did not so much as call any conflict to the attention of the court, request a continuance, or ask to make a telephonic appearance. The hearing was not solely regarding the court's Order to Show Cause, but also defendants' motion to dismiss, to which Mr. Stein had filed a statement of opposition. Although counsel did file a statement of non-opposition to the Order to Show Cause, this is irrelevant since his presence was required to discuss his opposition to defendants' motion to dismiss. There is no excuse for counsel's failure to appear at a hearing that may have resulted in the dismissal of his client's case. Additionally, counsel did not even file a notice of intent to submit either matter before the court on the briefs in violation of Local Rule 78-230(j). His failure to appear resulted in opposing counsel unnecessarily appearing at the hearing.

This is not the first time Mr. Stein has disobeyed an order of this court. In another matter before the court, <u>Blanco v. American Home Mortg. Servicing, Inc.</u>, No. Civ. 2:09-578 WBS DAD, (E.D. Cal. Oct. 2, 2009), Mr. Stein failed to comply with the court's Order Re: Status (Pretrial Scheduling) Conference, despite repeated requests for a status report from the court.[1] In short, within this month alone, Mr. Stein has failed to comply

---

[1] The court also notes that Mr. Stein was recently sanctioned by Judge Burrell for failing to obey an order of the court. In <u>Hernandez v. American Home Mortg. Servicing Inc.</u>, No. Civ. 2:09-01418 GEB EFB,(E.D. Cal. Oct. 8, 2009), Mr. Stein was also sanctioned for failure to file a status report despite repeated requests.

1  with at least three of this court's orders.

2      With regard to the fact that the hearing happened to
3  fall on Yom Kippur, this court has not just often, but <u>always</u>,
4  accommodated counsel who wished to reschedule a matter in order
5  to observe a religious holiday.  However, it is not for the court
6  discern or keep track of the faith of the attorneys appearing
7  before it, much less know which religious holidays they choose to
8  observe.  It is rather for counsel to make the request to the
9  court.  Mr. Stein made no effort to do so here.

10      Pursuant to Federal Rule of Civil Procedure 16(f), IT
11  IS THEREFORE ORDERED that within fourteen days of the date of
12  this Order, Jonathan Stein shall pay sanctions in the amount of
13  $150.00 to the Clerk of the Court and $150.00 to opposing
14  counsel.  The next time he violates an order of this court, he
15  cannot expect such a lenient sanction.

16  DATED:   October 8, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE